UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RONALD C. TUCKER, SR. ,**

    **Plaintiff,**

v.                                               **Case No: 5:14-cv-612-Oc-18PRL**

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

# REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying his application for Disability Insurance Benefits ("DIB"). Upon a review of the record, the memoranda, and the applicable law, I submit that the Commissioner's decision should be AFFIRMED.

## I. BACKGROUND

In October 2011, Plaintiff filed an application for DIB benefits, alleging disability beginning February 27, 2010. (Tr. 20, 40, 186-88). The claim was denied initially, and upon reconsideration. At Plaintiff's request, a hearing was held on January 31, 2013. Plaintiff, his wife, and an impartial vocational expert, V. David Pigue, testified. On June 24, 2013, the Administrative Law Judge (ALJ) issued a notice of unfavorable decision, finding Plaintiff not disabled. (Tr. 20-31). Plaintiff's request for review was denied by the Appeals Council (Tr. 1-

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

4), and Plaintiff initiated this action on November 5, 2014. (Doc. 1). Plaintiff has exhausted his administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

The alleged relevant period for purposes of this appeal is from February 27, 2010 through June 30, 2011. (Tr. 22, 201). On the date last insured, Plaintiff was fifty-two (52) years old. (Tr. 30). Plaintiff has a high school education and reported past relevant work experience as a cable television installer, animal shelter manager, electrician helper, and maintenance supervisor. (Tr. 214-16, 226-36, 248-57, 312).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments: hypertension, coronary artery disease, antiphospholipid syndrome, mild to moderate chronic renal disease (Stage II-III), degenerative disc disease of the lumbar spine, and obesity. (Tr. 22).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of light work. (Tr. 24-29) The ALJ found that Plaintiff can lift twenty pounds occasionally and ten pounds frequently. He can stand or walk for four hours in an eight-hour day and for one hour at a time before alternating to a sitting position; and he can sit for six hours in an eight-hour day. Plaintiff should avoid climbing ladders, ropes, and scaffolds, and working at heights or with dangerous moving machinery. He can occasionally stoop, crouch, kneel, and climb stairs and balance; but he should not crawl or be exposed to temperature extremes.

Based upon his RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as gate guard and night watchman. (Tr. 31). The ALJ's finding includes his consideration of Plaintiff's limitations that erode the light unskilled occupational base, and the vocational expert's testimony regarding what functions Plaintiff could

perform in light of his limitations. (Tr. 30-31). Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.   STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.  *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have

reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. DISCUSSION

On appeal, Plaintiff argues that the ALJ failed to properly assess the credibility of Plaintiff's wife's testimony concerning his problems with thinking clearly, including his loss of concentration and his memory loss arising out of his antiphospholipid antibody syndrome.[2] At the hearing, Plaintiff testified that his memory loss interferes with his ability to do things. Plaintiff's wife, Patty Tucker, testified that he has been having episodes since 2008 or 2009 and they have been getting worse, with severe episodes happening one to two times a month and less severe ones happening more frequently. During these episodes, Plaintiff is disoriented, experiences amnesia and often gets lost.

A review of the record shows that the ALJ properly evaluated the testimony of Plaintiff's wife and concluded that her subjective allegations were not totally credible compared to the objective evidence. (Tr. 24-29). Plaintiff does not argue that the ALJ failed to properly evaluate any of the medical evidence. Instead, he simply argues "[c]onsidering that [the testimony of Plaintiff and his wife] simply reflect[ ] the signs and symptoms one would expect from antiphospholipid antibody syndrome, a reasonable person would find the testimony credible on that basis." Doc. 19 at 10. However, it is well-settled that the mere diagnosis of an impairment is insufficient to establish that an impairment is severe; rather, the severity must be measured in

---

[2] Antiphospholipid antibody syndrome is an autoimmune disorder in which the body recognizes certain normal components of blood and/or cell membranes as foreign substances and produces antibodies against them.  www.apsfa.org  (last visited on February 2, 2016).

terms of its effect upon a claimant's ability to work.  *See Hoehn v. Comm'r of Soc. Sec.*, No. 6:10-cv-262-Orl-DAB, 2011 WL 2470110, at *3 (M.D. Fla. June 21, 2011).

Here, the ALJ discussed records from Dr. David Oliver, Plaintiff's treating physician.  In his initial visit on July 22, 2010, Plaintiff reported feeling well with" minor complaints."  (Tr. 461-65).  Plaintiff reported that he previously had a workup by neurologists for periods of amnesia that lasted for 4-6 hours and occurred once every 2-3 months.  (Tr. 318-19, 320-21).  The neurologists suggested that it could be transient global amnesia or possibly a seizure disorder.  (Tr. 461).  On examination, Dr. Oliver noted that Plaintiff did not exhibit decreased memory and his cognitive function was normal.  At subsequent appointments in August and October of 2010, Plaintiff did not report any recent periods of amnesia and Dr. Oliver again noted no decreased memory with normal cognitive function.  (Tr. 452-54, 456-57).  In September 2011 (three months after Plaintiff's date last insured) and again in October 2011, Plaintiff did not report any periods of amnesia and Dr. Oliver noted no decreased memory with normal cognitive function.  (Tr. 441-44, 445-48).  Consistent with Plaintiff's wife's testimony, Plaintiff did report increased episodes of memory impairment to Dr. Oliver, but not until February 2012, more than seven months after his date last insured.  (Tr. 728, 733, 737).  Other treating and consultative doctors (some of whom were treating Plaintiff's antiphospholipid antibody syndrome) consistently noted that Plaintiff was cooperative, oriented and not depressed; and never noted current episodes of amnesia.  (Tr.  334-35, 336-37, 371, 494-95, 644, 647-49).

On February 7, 2012, Dr. Oliver completed a form in which he stated that Plaintiff had an organic mental disorder with symptoms beginning before his first evaluation in July 2010.  (Tr. 693-89).  He noted that Plaintiff had transient marked difficulties in maintaining concentration, persistence, or pace and repeated episodes of decompensation, each of extended duration.  The

ALJ properly gave Dr. Oliver's opinion minimal weight  The ALJ may reject an opinion of a treating physician that is so brief and conclusory that it lacks persuasive weight or is unsubstantiated by any clinical or laboratory findings.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).   Here, the ALJ explained that Dr. Oliver's own treatment records during the relevant period did not include a detailed mental status examination or concurrent mental testing, and prior testing did not support a significant mental abnormality; nor did he cite treatment for Plaintiff's mental complaints.   (Tr. 23).   The ALJ also noted that the records of other practitioners (other than noting a history of periodic amnesia) did not provide objective mental status findings in support of an impairment in either memory or concentration.   (Tr. 23).   Lastly, the ALJ accorded significant weight to state agency consultant Val Bee, Psy.D who opined that the reported history of infrequent, brief cognitive deficits was unsupported by any objective findings and did not appear attributable to a persisting mental disorder.   (Tr. 109).

Accordingly, the ALJ articulated legitimate reasons, supported by substantial evidence, for discrediting the testimony of Plaintiff and his wife.   Consistent with her duty, the Commissioner considered Plaintiff's impairments (including antiphospholipid antibody syndrome) in combination to determine whether the combined impairments rendered Plaintiff disabled.  *See Wilson v. Barnhart*, 284 F.2d 1219, 1224 (11th Cir. 1992).   Accordingly, the final decision of the Commissioner is due to be AFFIRMED.

**IV.   RECOMMENDATION**

For the reasons stated above, it is respectfully **RECOMMENDED** that the ALJ'S decision should be AFFIRMED under sentence four of 42 U.S.C. § 405(g).   The **Clerk should be directed** to enter final judgment for the **Commissioner** and **close the file**.

**DONE and ORDERED** in Ocala, Florida on February 1, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties